IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BONNIE JEAN MAYO
AND
R. CLINTON STACKHOUSE, JR.,
Chapter 13 Trustee
    Defendants,
vs.

Case No. 15-50132-FJS

FEDERAL NATIONAL HOME, LOAN
MORTGAGE CORPORATION,
    Plaintiff.

Chapter 13

NEWPORT NEWS DIVISION
FILED
APR 28 2015
FILED
CLERK
U.S. BANKRUPTCY COURT

## MOTION TO STAY U.S.C SECTION 105(a)

Defendant, Bonnie Jean Mayo ("Mayo"), *pro se*, respectfully requests that this Court under 11 U.S.C. Section 105(a), issue any order, process, or judgments that is necessary or appropriate to carry out the provisions of this title." to stay actions that are not subject to the 11 U.S.C. Section 362(a) automatic stay but "threaten the integrity of bankrupt.

1. Defendant request a stay of actions and the eviction from her Property and prohibit the Plaintiff Federal National Mortgage Association ("FNMA"), its agents, employees, attorneys, and anyone acting on its behalf, from engaging in any self-help eviction efforts or in any other manner interfering with the peaceful enjoyment and possession by this Defendant of her residential property.

2. The ***determination of the holder of title has not been settled thereto;*** and the balance of hardships favor the defendant; and Advancement of the public interest in this case.

3. The Plaintiffs have engaged governmental overreach, fraud and misrepresentations upon the Courts in concert with WELLS FARGO BANK, N.A., and Samuel I. White P.C. known to this Court without notice of foreclosure sale to Defendant to procure Summary Judgment, writ of possession with a foreclosure deed concealed and unknown to Defendant and this Court could result in the possibility of irreparable injury to defendant if preliminary relief is not granted.

*"The Supreme Court established the standard for imposing a preliminary injunction in* Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). *That case requires parties seeking preliminary injunctions to demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest. Id. at 20, 129 S.Ct. 365."* Pashby v. Delia, 709 F.3d 307, 320 (4th Cir., 2013). In this case, injunctive relief is appropriate because Plaintiff is threatened with eviction from her home - a clear and present danger of irreparable harm. Defendant seeks a prohibitive injunction (as opposed to a mandatory injunction). *"[A] preliminary injunction's tendency to preserve the status quo determines whether it is prohibitory or mandatory.* E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir.2004); Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980) ("Mandatory preliminary injunctions do not preserve the status quo....")." Pashby at 320.

*The underlying purpose of a temporary restraining order is "to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held."* Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed. 2d 435 (1974). Maintaining he "status quo" requires" in this instance requires that Plaintiff remain in possession, as the time, energy, and damages associated with being evicted and having all of her stuff removed from the home, then FNMA preparing the home for sale would be very difficult to unwind, and virtually impossible to compensate Plaintiff for her loss.

And "the court's discretionary decision to grant or deny an injunction request "will not be disturbed on appeal unless the record shows an abuse of that discretion." Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir.1989).

5. Defendant numerous appeals are before the high Courts and has a strong likelihood of success on the merits at 2 referenced above.

6. Defendant will be displaced by parties who had no lawful right to foreclose and sell her home, thus no lawful right to possession. Defendant respectfully submits the *status quo* should be maintained until this action is concluded.

7. There is no harm to the Plaintiff FNMA. Even were FNMA able to establish actual "harm," this Court can ensure adequate protection by way of a reasonable bond (either in an order granting this injunction or at a later date).

Real property is unique. When dealing with an interest in land, money damages are inadequate; money cannot substitute for land. *See* Runion v. Helvestine, 256 Va. 1, 501 S.E.2d 411 (1998)(rescission claim was not defeated on basis that an adequate remedy existed at law— money is no substitute). The Defendant will be irreparably harmed by eviction. The Plaintiff will just have a mere interference with the eviction while this case is resolved by this Court. No adequate remedy at law is available to the Defendant to protect possession of her Property – the unlawful detainer case clearly deprived her of any rights to contest that action (addressed *infra* at II, A, 3). Once evicted, her life will be suspended, she will have to find a place to stay with her husband, likely get a storage facility, not to mention the costs associated with the hurried move.

8. Defendant has been deprived her constitutional safe-guards in-spite of The 14th Amendment of the U.S. Constitution and Virginia's Constitution (Article 1, §§1, 11) each provide that one may not be deprived of property without due process.

9. Defendant claims by its nature, the relief sought by this Motion is a provisional remedy granted before a hearing on the merits to preserve the subject of the controversy in its currently existing condition. *See* Doyne v. Saettele, 112 F.2d 155, 160 (8th Cir. 1940); *see also* Missouri-

3

K.-T. R. Co. v. Brotherhood of Ry. & S. S. Clerks, 188 F.2d 302, 306 (7th Cir. 1951). A *preliminary injunction is not an adjudication on the merits. It seeks to preserve the status quo and prevent irreparable loss of rights before judgment.* Textile Unlimited, Inc. v. A. BMH and Company, Inc., 240 F.3d 781, 786 (9th Cir. 2001). Here, the status quo is that the Plaintiff and her family is residing in the home. All factors, therefore, are in favor of relief.

Plaintiff Federal National Home, Loan Corporation in concert with Wells Fargo has a *pattern and practice of foreclosures that is so problematic that it was a party to the National Foreclosure Settlement*[1], submitted to a consent Order with the OCC and other federal regulators which discusses the problems with Wells Fargo's servicing / foreclosure practices (*See* **Ex 3**), and has been repeatedly cited for faulty accounting and servicing both by federal regulators and courts (*See* Ex 2 – In Re Jones & Ex 3). Eviction is a sufficiently "concrete and particularized" harm, in that the injury will affect the Plaintiffs "in a personal and individual way." Bates v. United Parcel Service, Inc. 511 F.3d 974, 986 (9th Cir. 2007)(finding particularized harm sufficient for injunction where refusal to hire driver was part of a written policy and, thus, likely to happen again).

It is in the public's interest to reduce foreclosures/evictions, keep families in their homes, maintain property values, and maintain a paying tax base of residents. Evicting Defendant and her family, putting an entire life of belongings on the sidewalk, and changing her locks goes against that public interest in a very clear and unambiguous manner, and the persistence with which the Plaintiff's are pursuing eviction while Bankruptcy and Appeals from this Court are pending is – in light of the allegations and *clear evidence* of illegal activity – disconcerting.

---

4

WHEREFORE FOR THE ABOVE-STATED REASONS, the Defendant respectfully requests the Court enter an ORDER for a temporary restraining order that would stay all actions including but not limited to the eviction of Defendant from her home by the Sheriff and which prohibits FNMA from further seeking possession or in any other manner interfering with the peaceful enjoyment and possession of the Property by the Defendant until the Bankruptcy and other Court action is resolved and the rights of the parties determined, and that no bond be required of the Defendant because no damages are ascertainable to the Defendant at this time. Where the Court of the view a bond were appropriate, Defendant asks that a hearing be set thereon or that it be set at **$1,000/ month** to be paid every month beginning when the Court directs until the Bankruptcy and appeals are resolved and the rights of the parties are determined.

Dated this 28th day of April, 2015.

Respectfully Submitted,

*Bonnie J. Mayo*
BONNIE JEAN MAYO, Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2015, Defendant's Motion to Stay Section U.S.C. 105(a) was mailed, first class, postage prepaid to Christy L. Murphy, Esq., KAUFMAN & CANOLES, P.C. 150 West Main Street, Suite 2100 P.O. Box 3037, Norfolk, Virginia 23510 and R. Clinton Stackhouse, Jr., Chapter 13 Trustee 7021 Harbour Boulevard, Suite 101 Suffolk, VA 23435.

*Bonnie J. Mayo*
Bonnie Jean Mayo, Pro Se
101 Quill Pl
Williamsburg, Virginia 23185
(757) 706-1739